UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 16-0158-02 |
| VERSUS | JUDGE DONALD E. WALTER |
| LARRYL MALCOLM FISHER | MAGISTRATE JUDGE HANNA |

_____

**MEMORANDUM ORDER**

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed pro se by the Defendant, Larryl Malcolm Fisher ("Fisher"). See Record Document 69. Fisher argues that he is entitled to relief based upon the Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319 (2019).

On June 22, 2016, Fisher was named in a four-count indictment, charging him with three counts of Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2, and one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. See Record Document 1. On October 20, 2016, Fisher appeared before then-presiding Judge Patricia Minaldi and entered a plea of guilty to count four, a Hobbs Act Robbery count. See Record Document 45. On January 12, 2017, following the reassignment of the case to the undersigned, Fisher was sentenced to a total term of imprisonment of 120 months. See Record Documents 47 and 54. Fisher did not appeal his sentence or seek post-conviction relief. On June 21, 2019, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). On May 26, 2020, Fisher filed the instant motion. See Record Document 69.[1]

---

[1] Section 2255(f)(3) provides a one-year limitations period that begins, as applied to the instant case, on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to

In Davis, the Supreme Court determined that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B), which provides sentencing enhancements for crimes of violence committed with a firearm, is unconstitutionally vague in its definition of "violent crime." The sole ground for Fisher's motion is the United States Supreme Court's decision in Davis. Specifically, in the form he filed regarding his 2255 motion, when asked to provide the grounds for relief, Fisher wrote for ground one: "A new substantive rule held by the Supreme Court's decision in U.S. v. Davis that 18 U.S.C. 924(c) is unconstitutionally vague." Record Document 62 at 4. In the section regarding facts supporting his claim, Fisher wrote: "The rule that Davis announced that 924(c)(3)(B) is unconstitutionally vague applies retroactively to my collateral challenge to my 924(c) sentence/conviction because it is a new substantive rule." Id. However, a review of the record reveals that Fisher was never charged with any crime involving any part of 18 U.S.C. § 924. Therefore, although Davis announced a new rule of constitutional law that generally applies retroactively on collateral review, Davis does not apply to Fisher's conviction and sentence under 18 U.S.C. §§ 1951 and 2. United States v. Davis simply does not apply to Fisher.

Accordingly, **IT IS ORDERED** that the motion to vacate, set aside or correct sentence filed by Fisher (Record Document 69) is **DENIED**.

**THUS DONE AND SIGNED**, this 29th day of June, 2020.

_Donald E Walter_
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

cases on collateral review." 28 U.S.C. § 2255(f). The United States Court of Appeals for the Fifth Circuit has held that Davis announced a new rule of constitutional law and was made retroactively applicable to cases on collateral review. See United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019). As mentioned, Davis was decided on June 24, 2019. Thus, Fisher's motion is timely.